IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02912-BNB

JACQUES RICHARDSON,

      Plaintiff,

v.

TOM CLEMENTS, Executive Director D.O.C.,
SUSAN BUTLER, Offender Services, D.O.C.,
JOHN DAVIS, Warde[n] Buena Vista Correctional Facility,
DAVE COTTEN, Major Buena Vista Correctional Facility,
KERRY BARONI, HSA Coordinator B.V.C.F.,
T. FISHER, Dr., B.V.C.F. and D.O.C. Doctor, and
DEBBIE CAMPBELL, Case Manager Supervisor,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

      Plaintiff, Jacques Richardson, is in the custody of the Colorado Department of Corrections (DOC) and is incarcerated currently at the Buena Vista Correctional Facility. Mr. Richardson initiated this action by filing a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He filed an amended complaint on November 29, 2012. Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915 and has paid an initial partial filing fee.

      The Court will construe the amended complaint liberally because Mr. Richardson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has

reviewed the amended complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Richardson will be ordered to file a second amended complaint.

Mr. Richardson alleges in the amended complaint that he is disabled because of a knee injury.  He further alleges that while he was incarcerated at BVCF in 2011, Defendant Fisher imposed several medical restrictions for Plaintiff and he was granted disability status.  In October 2011, Plaintiff was transferred to an ADA-designated facility which allowed him daily access to a gym, the library, employment, and housing living areas.  However, in October 2012, Defendant Butler and Davis transferred Mr. Richardson back to BVCF, a non ADA-designated facility.  At that time, Defendants Fisher and Baroni removed Plaintiff's medical restrictions without performing any medical evaluation.  Mr. Richardson alleges that the condition of his knee has deteriorated since his transfer back to BVCF and he has not received any medical treatment.  Plaintiff further alleges that he is unable to access areas such as the gym, library, housing areas, prison employment, and vital incentives that are otherwise provided to the general population at BVCF.  Mr. Richardson asserts that the Defendants have violated his Eighth Amendment rights.  He seeks injunctive and monetary relief.

As an initial matter, the Court liberally construes Mr. Richardson's allegations as asserting a claim against the Defendants in their official capacities for violation of Title II

of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.[1]  If Mr. Richardson

intends to assert a claim under Title II of the ADA, he should include it under "Section D.

Cause of Action" in the second amended complaint.

The Court finds, however, that the amended complaint is deficient because Mr.

Richardson fails to allege facts to show that each of the named Defendants, in their

individual capacities, participated in a deprivation of his constitutional rights.  Personal

participation by the named defendants is an essential allegation in a civil rights action.

*See **Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976); ***Kentucky v.

Graham***, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the

alleged constitutional violation and each defendant's participation, control or direction, or

failure to supervise.  *See **Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir.

1993); ***see also Dodds v. Richardson***, 614 F.3d 1185, 1200-1201 (10th Cir. 2010)

("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative'

link exists between the unconstitutional acts by their subordinates and their 'adoption of

any plan or policy. . .–express or otherwise–showing their authorization or approval of

such 'misconduct.'") (quoting ***Rizzo v. Goode***, 423 U.S. 362, 371 (1976)).  A supervisor

defendant, such as Tom Clements, the Executive Director of the Colorado Department

of Corrections, or John Davis, the BVCF Warden, cannot be held liable merely because

of his supervisory position.  *See **Pembaur v. City of Cincinnati***, 475 U.S. 469, 479

---

[1]42 U.S.C. § 12132 states:

Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

(1986);  **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  **Fogarty v. Gallegos**, 523 F.3d 1147, 1162 (10th Cir. 2008).

In addition, the amended complaint appears to assert a claim against Defendant Cotten on the basis that he responded to Plaintiff's grievances.  However, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." **Gallagher v. Shelton**, 587 F.3d 1063, 1069 (10th Cir. 2009); **see also  Whitington v. Ortiz**, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); **Davis v. Ark. Valley Corr. Facility**, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Finally, Mr. Richardson filed a letter with the Court on November 29, 2012 in which he asserts additional allegations against prison officials.  Plaintiff should include those allegations in his second amended complaint if he intends to pursue them. Accordingly, it is

ORDERED that Plaintiff, Jacques Richardson, **within thirty (30) days from the date of this Order,** shall file a second amended complaint that complies with the

4

directives in this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner

Complaint form (with the assistance of her case manager or the facility's legal

assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint

that complies with this Order within the time allowed, some of the Defendants will be

dismissed without further notice.

DATED December 7, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge