IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02912-BNB

JACQUES RICHARDSON,

    Plaintiff,

v.

TOM CLEMEN[TS],
SUSAN BUTLER,
JOHN DAVIS,
DAVE COTTEN,
T. FISHER, Dr.,
KERRY BARONI,
DEBBIE CAMPBELL,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff, Jacques Richardson, is in the custody of the Colorado Department of Corrections (DOC) and is incarcerated currently at the Buena Vista Correctional Facility. Mr. Richardson initiated this action by filing a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He filed an amended complaint on November 29, 2012.

    On December 7, 2012, Magistrate Judge Boyd N. Boland reviewed the amended complaint and found it to be deficient because Mr. Richardson failed to allege the personal participation of certain Defendants in a violation of his constitutional rights. Magistrate Judge Boland therefore ordered Plaintiff to file a second amended complaint within thirty days. Mr. Richardson filed a second amended complaint on December 26,

2012.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the second amended Complaint because Mr. Richardson is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the second amended complaint, or any portion thereof, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. See Neitzke v. Williams, 490 U.S. 319, 324 (1989).

The Court will construe the second amended complaint liberally because Mr. Richardson is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for pro se litigants. See Hall, 935 F.2d at 1110. For the reasons discussed below, the second amended complaint will be dismissed in part.

Mr. Richardson alleges in the second amended complaint that he is disabled because of a knee injury. He further alleges that while he was incarcerated at BVCF in 2011, Defendant Dr. Fisher imposed several medical restrictions for Plaintiff, which resulted in Plaintiff being granted disability status. In October 2011, Plaintiff was approved by Defendants Davis, the BVCF Warden, and Defendant Cotten, a BVCF Major and the ADA facility coordinator, for transfer to Sterling Correctional Facility, an ADA-designated facility which allowed Plaintiff daily access to a gym, the library, employment and housing living areas. However, in October 2012, Defendant Butler, the DOC Offender Services Supervisor, transferred Mr. Richardson back to BVCF, a non

ADA-designated facility.  At that time, Defendants Davis and Campbell, the BVCF Case Manager Supervisor,  told Plaintiff that he would not remain at BVCF because of his medical restrictions and necessary accommodations.  Approximately one week later, Defendant Campbell informed Plaintiff that Defendants Baroni, the BVCF Health Services Administrator, and Dr. Fisher had removed his medical restrictions.  Mr. Richardson alleges that there was no valid basis for removing the restrictions, given that Dr. Fisher had not evaluated his knee upon Plaintiff's return to BVCF, and the knee condition had worsened since his transfer to Sterling, causing him to use crutches.  Plaintiff asserts that because the Defendants refuse to accommodate his disability, he is unable to access areas such as the gym, library, and housing areas; is being denied prison employment; and, is being denied vital incentives that are otherwise provided to the general population of BVCF.  He further claims that Defendants have endangered his health by keeping him at BVCF, where he has fallen several times because of the physical structure of the facility, exacerbating his knee injury.  Plaintiff also alleges that he has been threatened with confinement in the segregation unit when he refuses "to move to an area where he knows he would be injured."  (ECF No. 18, at 6).  Mr. Richardson seeks injunctive and monetary relief.

The Court construes the second amended complaint liberally as asserting a § 1983 claim against the Defendants for violation of his Eighth Amendment right to be free from prison officials' deliberate indifference to a substantial risk of harm to his health or safety, as well as a claim under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 (2012).

The Second Amended Complaint fails to allege facts to show that Defendant

Tom Clements, the Executive Director of the Colorado Department of Corrections, personally participated in a deprivation of Mr. Richardson's constitutional rights. Plaintiff was advised by Magistrate Judge Boland in the December 7 Order that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Mere supervisory status is insufficient. *See Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff alleges that he wrote letters to Defendant Clements in 2011 concerning his chronic knee condition, but he does not allege any facts to show that Defendant Clements was involved in, or even aware of, the October 2012 decision to remove Plaintiff's medical restrictions or to incarcerate the Plaintiff at BVCF knowing that Plaintiff faces a substantial risk of physical harm at that facility. Even if Clements is aware of Plaintiff's situation at BVCF, sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983." *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished). As such, Defendant Clements is an improper

party to this action and will be dismissed.

The Court will not address at this time the merits of Mr. Richardson's ADA claim or the Eighth Amendment claims asserted against Defendants Butler, Davis, Cotten, Fisher, Baroni, and Campbell. Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C. Accordingly, it is

ORDERED that Defendant Tom Clements is DISMISSED for Plaintiff's failure to allege his personal participation in the alleged constitutional deprivation. It is

FURTHER ORDERED that the claims against Defendants Butler, Davis, Cotten, Fisher, Baroni, and Campbell shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  1st  day of    February   , 2013.

BY THE COURT:

   s/Lewis T. Babcock    
LEWIS T. BABCOCK, Senior Judge
United States District Court