IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 12-cv-02912-REB-CBS

JACQUES RICHARDSON,

    Plaintiff,

v.

SUSAN BUTLER,
JOHN DAVIS,
DAVE COTTEN,
DR. T. FISHER,
KERRI BARONI, and
DEBBIE CAMPBELL,

    Defendants.

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on (1) the **CDOC Defendants' Motion To Dismiss** [#41][1] filed April 8, 2013; and (2) the **Recommendation of United States Magistrate Judge** [#68] filed April 8, 2013.  In **Plaintiff's Response Motion to The Magistrates** [*sic*] **Recommendations** [#69] plaintiff filed objections to the recommendation.  I overrule the objections, approve and adopt the recommendation as an order of this court, and grant the motion to dismiss.

The plaintiff is acting *pro se*.  Therefore, I construe his filings generously and with the leniency due pro se litigants, see ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007);

---

[1] "[#41]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

*Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the second recommendation to which the plaintiff objects. I have considered carefully the recommendation, the objections, and the applicable case law.

In his amended complaint [#18], the plaintiff, Jacques Richardson, alleges he is disabled because of a chronic knee injury. Given his disability, Mr. Richardson alleges he was transferred improperly to a prison where his disability could not be accommodated properly. Addressing medical restrictions applicable to Mr. Richardson, he asserts an Eighth Amendment claim alleging that his medical restrictions were removed improperly. Mr. Richardson claims also that he has been housed in an environment that is hazardous to him, both physically and mentally.

Based on a thorough analysis of the complaint and the issues raised in the motion to dismiss, the magistrate judge recommends that the motion to dismiss be granted. In his objections [#69], Mr. Richardson challenges the conclusions reached by the magistrate judge. None of the arguments raised by Mr. Richardson in his objections [#69] presents a viable challenge to the analysis and conclusions of the magistrate judge. Therefore, I approve and adopt the recommendation and grant the motion to dismiss.

After Mr. Richardson filed his first amended complaint, the court issued an order [#16] directing Mr. Richardson to file a second amended complaint. The court noted specifically that Mr. Richardson had not alleged that each of the defendants had participated personally in a deprivation of the rights of Mr. Richardson. The current operative complaint [#18] fails on the same front and on other points detailed by the

magistrate judge. Mr. Richardson labels each of the three claims asserted in the operative complaint [#18] as claims under the Eighth Amendment. However, as noted by the magistrate judge, even when construed liberally, the operative complaint [#18] could be construed as an attempt to assert a claim under the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12102 - 12213. Currently, the complaint does not state a claim for relief under the ADA. At this point, however, there is some possibility that Mr. Richardson could cure the defects in his complaint via amendment. Given these circumstances, Mr. Richardson should be provided one final opportunity to amend his complaint to cure the defects detailed in the recommendation [#68]. **See Brereton v. Bountiful City Corp.**, 434 F.3d 1213, 1219 (10th Cir. 2006) (when complaint fails to state a claim, and no amendment could cure defect, dismissal with prejudice may be appropriate).

However, on one point an amendment of the complaint would be futile. As noted by the magistrate judge, Eleventh Amendment immunity shields the defendants from claims for damages asserted against the defendants in their official capacities. To the extent Mr. Richardson asserts such claims in his complaint, those claims must be dismissed with prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#68] filed April 8, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the objections [#69] of the plaintiff are **OVERRULED**;

3. That the **CDOC Defendants' Motion To Dismiss** [#41] filed April 8, 2013, is **GRANTED**;

4. That under FED. R. CIV. P. 4(m), the claims alleged against defendant, Dr. T.

3

Fisher are **DISMISSED** without prejudice;

     5.  That under FED. R. CIV. P. 12(b)(1), the claims for monetary damages asserted against the defendants in their official capacities are **DISMISSED** with prejudice;

     6.  That under FED. R. CIV. P. 12(b)(6), all other claims asserted against defendants, Butler, Davis, Cotten, Caroni, and Campbell, are **DISMISSED** without prejudice;

     7.  That if the plaintiff wishes to file an amended complaint refining his allegations against defendants, Butler, Davis, Cotten, Caroni, and Campbell, he may file an amended complaint March 14, 2014.

     Dated February 20, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

4