IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02912-REB-CBS

JACQUES RICHARDSON,
        Plaintiff,
v.

SUSAN BUTLER,
JOHN DAVIS,
DAVE COTTEN,
DR. T. FISHER,
KERRI BARONI, and
DEBBIE CAMPBELL,
        Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Defendants' Motion to Dismiss, filed on April 28, 2014. Plaintiff has not filed a response. Pursuant to the Order of Reference dated February 4, 2012 (doc. #28) and separate memorandum dated April 9, 2013, this matter was referred to this Magistrate Judge. The court has reviewed the parties' briefs, the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises.


I.      Statement of the Case

The *pro se* Plaintiff, Jacques Richardson, commenced this action on November 5, 2012 by filing a Prisoner Complaint. At that time, Mr. Richardson was incarcerated at the Buena Vista Correctional Facility (BVCF).[1] The original Complaint asserted two claims for relief based upon violations of the Eighth Amendment, and named Susan Butler, John Davis, Dave Cotten, Kerri

---

[1] Mr. Richardson was transferred to Fremont Correctional Facility on February 12, 2013 (doc. #34).

Baroni, and Debbie Campbell (collectively the "CDOC Defendants"), as well as Dr. T. Fisher.[2] On November 19, 2012, Mr. Richardson moved for Leave to Amend Complaint (doc. #6), indicating that he wished to file an amended complaint that would "include all facts as well as all Request (sic) for Relief." That motion was granted by Magistrate Judge Boyd Boland on November 26, 2012. Three days later, Mr. Richardson filed an Amended Prisoner Complaint (doc. #14).

On December 7, 2012, Magistrate Judge Boland issued an Order Directing Plaintiff to File Second Amended Complaint (doc. #16). In particular, Judge Boland found that the Amended Complaint was deficient because Mr. Richardson had failed "to allege facts to show that each of the named Defendants, in their individual capacities, participated in a deprivation of his constitutional rights." Mr. Richardson was told that "[p]ersonal participation by the named defendants is an essential allegation in a civil rights action" and that his allegations must demonstrate "an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise."

On December 26, 2012, Mr. Richardson filed a Second Amended Complaint (doc. #18). The subsequent motion to dismiss was referred to this court. Finding that Mr. Richardson did not allege facts that would support either an Eighth Amendment claim or a disability discrimination claim under Title II of the ADA, I recommended that the Second Amended Complaint be dismissed. However, Mr. Richardson was given another opportunity to cure the defects in his

---

[2] Although he is named in the Third Amended Complaint, the court was advised on February 6, 2013 that Dr. Fisher is no longer employed by the Colorado Department of Corrections (CDOC). *See* Doc. #30. Notwithstanding the fact that he has not been properly served pursuant to Fed. R. Civ. P. 4, Mr. Richardson seems to believe that Dr. Fisher should remain in this action simply because he was a CDOC employee during the relevant time period. Rule 4(m) of the Federal Rules of Civil Procedure provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action. While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, the U.S. Marshal and the Clerk of the Court have performed their duties to serve Dr. Fisher. The court need not require the U.S. Marshal to search for or make any further attempts to serve this defendant. Accordingly, this court recommends that Dr. Fisher be dismissed from this action without prejudice for failure to effect service within the time limit prescribed by Rule 4(m).

complaint via amendment. So Mr. Richardson filed a Third Amended Complaint on March 14, 2014, the operative pleading in this case.

The Third Amended Complaint states that Mr. Richardson was given a disability status and several medical and ADA accommodations while incarcerated at BVCF in 2011. In October 2011, Defendant Davis, the BVCF Warden, and Defendant Cotten, a BVCF Major and the ADA facility coordinator, approved Mr. Richardson's transfer to Sterling Correctional Facility, an ADA-designated facility which allowed Mr. Richardson daily access to a gym, library, employment and housing living areas. In October 2012, however, Defendant Butler, the DOC Offender Services Supervisor, transferred Mr. Richardson back to BVCF, a non ADA-designated facility. Although Defendants Davis, Campbell, and Cotten told Plaintiff that he would not remain at BVCF because of his medical accommodations, one week later Mr. Richardson discovered that Defendant Baroni, the BVCF Health Services Administrator, and Dr. Fisher had removed his medical accommodations. Mr. Richardson alleges that there was no valid basis for removing the accommodations.

Mr. Richardson's first claim alleges that Defendants Davis, Cotten, Baroni, Campbell, and Butler violated his rights under Title II of the Americans with Disabilities Act. More specifically, Mr. Richardson contends that each individual Defendant knew about his disability status and ADA accommodations, played a role in his initial removal from BVCF, and had the authority to remove him from BVCF after his return. The first claim also refers to Dr. Fisher and "Defendant Baroni falsifying documents." Finally, Mr. Richardson states that "even after Dr. Fisher informed Defendant Campbell [that] Plaintiff should not remain at BVCF," the Defendants still refused to remove him.

The second and third claims allege that the Defendants violated Mr. Richardson's Eighth

Amendment rights. In particular, the second claim states that Defendants Butler, Davis, Cotten, Baroni, Fisher, and Campbell were deliberately indifferent to a "substantial risk of harm to health and safety" because they kept Mr. Richardson at BVCF despite knowing about Mr. Richardson's disabilities and having the authority to remove him. Referring to the CDOC Defendants more generally, the third claim states that Mr. Richardson fell "3 times from the shower" as a result of their conduct, and was then sent "into segregation" for 118 days.

Plaintiff has sued the Defendants in their individual capacities. The Third Amended Complaint seeks compensatory damages in the amount of $20,000 from each Defendant for violating the ADA, and $150 for each day of deliberate indifference. Mr. Richardson also seeks medical attention by an "outside orthopedic surgeon" to receive a "knee replacement or some kind of treatment," and to have his accommodations "be permanent" until his knee injury is fixed.

The CDOC Defendants have moved to dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendants argue that Mr. Richardson has failed to state a plausible claim under the Eighth Amendment or the Americans with Disabilities Act, that Plaintiff's claims are barred by the qualified immunity doctrine, and that Plaintiff's claims for injunctive relief are moot because Mr. Richardson has been transferred to Fremont Correctional Facility. To date, Mr. Richardson has not filed any response.

II.    Standard of Review

Under Rule 12(b)(1), a court may grant a motion to dismiss if the court does not have subject matter jurisdiction. The determination of subject-matter jurisdiction is a threshold question of law. *Madsen v. United States ex. rel. United States Army Corps of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987). "Federal courts are courts of limited jurisdiction and, as such, must have a

statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The court applies a rigorous standard of review when presented with a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. *Consumers Gas & Oil, Inc. v. Farmland Indus. Inc.*, 815 F. Supp. 1403, 1408 (D. Colo. 1992). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya*, 296 F.3d at 955.

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). At this stage of the proceedings, the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010), quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Id.* "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Ultimately, the court must "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Because Mr. Richardson appears *pro se*, the court reviews his "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, "the

generous construction" that is afforded pro se pleadings has limits, and the court "must avoid becoming the plaintiff's advocate." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012) (citation omitted). Although the court does not "hold the pro se plaintiff to the standard of a trained lawyer," it nonetheless relies on "the plaintiff's statement of his own cause of action." *Id.* (internal quotation marks and citations omitted). Thus, the court "may not rewrite a [complaint] to include claims that were never presented." *Id.* A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

"A district court may not grant a motion to dismiss for failure to state a claim merely because [a party] failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotation marks and citation omitted). "This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Id.* at 1177-78 (internal quotation marks and citations omitted). "Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.*

III.   Analysis

A.    *Plaintiff's ADA Claim*

Mr. Richardson's first claim alleges a violation of his rights under Title II of the Americans with Disabilities Act. However, the Third Amended Complaint expressly states that "Defendants [are] being sued in their individual capacity," even though the court's previous recommendation gave Plaintiff notice that he could only bring a Title II claim against the Defendants in their official capacities. The ADA does not create liability against public officials sued in their individual capacities. *See Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 744 (10th Cir. 1999) (noting that the reasons for precluding individual liability under Title VII apply equally to ADA). *Cf. Sindram v. Merriwether*, 507 F. Supp. 2d 7, 11-12 (D.D.C. 2007) and cases cited therein. "[T]he proper defendant in a Title II claim is the public entity itself or an official acting in his or her official capacity." *Hicks v. Keller*, No. 11-cv-0422-WJM-KMT, 2012 WL 1414935, at *6 (D. Colo. April 24, 2012). Thus, Mr. Richardson's ADA claims against the Defendants must be dismissed.

B.    *Plaintiff's Eighth Amendment Claims*

Title 42 U.S.C. §1983 creates a cause of action where a "person … under color of any statute, ordinance, regulation, custom or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person … to the deprivation of any rights, privileges or immunities secured by the Constitution." Section 1983 does not create any substantive rights; rather, it only creates a remedy for violations of rights secured by federal statutory and constitutional law. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979). To establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

I interpret Mr. Richardson's second and third claims to assert a §1983 claim against the

7

Defendants for violating his Eighth Amendment right to be free from prison officials' deliberate indifference to a substantial risk of harm to health or safety. The Eighth Amendment prohibits cruel and unusual "punishments." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Certain conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and unusual punishment under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. at 319. Where an Eighth Amendment claim is based upon conditions of confinement, an inmate must satisfy a two-prong test: (1) the deprivation suffered must be "objectively 'sufficiently serious,'" and (2) the defendant must have had a "sufficiently culpable state of mind" or must have been "deliberately indifferent" to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991)). To survive a motion to dismiss, the Third Amended Complaint must allege facts supporting both the objective and subjective elements for an Eighth Amendment claim.

A prison condition is "sufficiently serious" under the objective component of the Eighth Amendment test if it denies an inmate "the minimal civilized measure of life's necessities." *Anderson v. Colorado*, 887 F. Supp. 2d 1133, 1139 (D. Colo. 2012) (internal quotation marks and citation omitted). In other words, the Eight Amendment requires that inmates "receive the basic necessities of adequate food, clothing, shelter, and medical care." *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). That said, the Supreme Court has recognized that prison conditions may be "'restrictive and even harsh'" without violating the Eighth Amendment. *See Rhodes v. Chapman*, 143 U.S. 337, 347 (1981). The court must balance the exigencies of running a prison and the "broad and idealistic concepts of dignity, civilized standards, humanity and decency" embodied in the Eighth Amendment. *DeSpain*, 264 F.3d at 973.

8

The Third Amended Complaint does not allege a denial of life's necessities, such as food, clothing, shelter, or sanitation. Rather, Mr. Richardson broadly asserts that the Defendants placed him in a "substantial risk of harm to health and safety" by failing to remove him from BVCF. Mr. Richardson also claims that the Defendants' conduct caused him to fall three times while showering. Based on these factual allegations, it is unclear whether Mr. Richardson's complaint satisfies the objective component of the Eighth Amendment standard. For purposes of the pending motion, however, I need not decide whether Mr. Richardson's allegations, standing alone, are sufficient to demonstrate unconstitutional conditions of confinement, because the Third Amended Complaint clearly fails to satisfy the subjective prong of the Eighth Amendment standard.

The subjective prong of the Eighth Amendment standard requires that Defendants had the culpable state of mind known as "deliberate indifference." *Farmer*, 511 U.S. at 834. Deliberate indifference requires a higher degree of fault than negligence or even gross negligence. *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1495-96 (10th Cir. 1990) (citation omitted). An official acts with deliberate indifference if his or her conduct "disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Berry*, 900 F.2d at 1496. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. *See also Barrie v. Grand County, Utah*, 119 F.3d 862, 869 (10th Cir. 1997).

Mr. Richardson's complaint fails to demonstrate that the Defendants acted with the requisite state of mind. The Third Amended Complaint states that each Defendant was deliberately indifferent because they had the power to remove Mr. Richardson from BVCF but

refused to do so. But that allegation alone does not show that each Defendant personally knew that Mr. Richardson was placed in a substantial risk of harm. *Cf. Farmer*, 511 U.S. at 838 (holding that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation," will not sustain a claim under the Eighth Amendment). Mr. Richardson also claims that Defendant Baroni and Dr. Fisher should not have removed his medical accommodations, but disagreeing with a medical diagnosis does not establish deliberate indifference. *See Perkins v. Kansas Department of Correction*, 165 F.3d 803, 811 (10th Cir. 1999) (holding that a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation).

Furthermore, to properly assert a claim under § 1983, the Third Amended Complaint must provide facts that show each Defendant personally participated in the alleged Eighth Amendment violations. *Cf. Persaud v. Doe*, No. 06-6234, 213 F. App'x 740, 743 (10th Cir. 2007). *See also Mitchell v. Maynard*, 80 F.3d 1433 (10th Cir. 1996) (personal participation is an essential allegation in a civil rights action) (citation omitted). A defendant may not be held liable merely because of his or her supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). *Cf. Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for a 1983 claim, an affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial"). Thus, Mr. Richardson must set forth facts demonstrating that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional violation, and (3) acted with the state of mind required to establish the alleged

constitutional deprivation." *Id.* at 1199.

The Third Amended Complaint does not allege enough facts to demonstrate that each Defendant personally participated in the Eighth Amendment violation. Although the second claim specifically mentions each Defendant, it does not attribute any affirmative conduct to the Defendants. Rather, the second claim broadly asserts that Defendants failed to remove Mr. Richardson from BVCF. Those assertions alone are not enough to show that each Defendant personally participated in the alleged Eighth Amendment violations. As to the third claim, Mr. Richardson does not even refer to the conduct of any specific Defendant; he only refers to the Defendants' conduct collectively.

In conclusion, I find that the Third Amended Complaint fails to properly allege a violation of the Eighth Amendment by any of the Defendants and those claims should be dismissed.[3]

C.      *Qualified Immunity*

Defendants raise the defense of qualified immunity. Whether a defendant is entitled to qualified immunity is a legal question.   *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks

---

[3] The Third Amended Complaint does not clarify whether and to what extent Mr. Richardson sustained any physical injuries. Therefore, his request for damages must be denied. *See Turner v. Schultz*, 130 F. Supp.2d 1216, 1222-23 (D. Colo. 2001) ("although claims for mental and emotional distress can be brought pursuant to § 1983, … § 1997e(e) provides that 'such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms"). Furthermore, Mr. Richardson's ability to obtain injunctive relief also appears to be moot in light of his transfer from BVCF to Fremont Correctional Facility. *See Nasious*, 495 F. App'x at 903 ("[i]t is well-settled that a prisoner's transfer out of a prison moots his requests for declaratory or injunctive relief against staff at that prison"); *Burnett v. Jones, No. 11-6093*, 454 F. App'x 655, 657 (10th Cir. 2011) (holding that claims for injunctive relief are moot when a prisoner has been transferred and is no longer subject to the conditions of confinement on which his claims are based).

and citations omitted).    "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."    *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.*

Because Mr. Richardson has failed to state any claim for violation of a constitutional right, Defendants are entitled to qualified immunity. *See Wilder*, 490 F .3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

Accordingly, IT IS RECOMMENDED that "CDOC Defendants' Motion to Dismiss" (filed April 28, 2014) (Doc. # 87) be GRANTED and that this civil action be dismissed pursuant to Rule 12(b)(6) for failure to state a claim to which relief can be granted.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);    *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).   A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.   "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."    *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).   Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.   *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");   *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);   *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).   *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 20th day of February, 2015.

BY THE COURT:


s/Craig B. Shaffer
United States Magistrate Judge