IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 12-cv-02912-REB-CBS

JACQUES RICHARDSON,

    Plaintiff,

v.

SUSAN BUTLER,
JOHN DAVIS,
DAVE COTTEN,
DR. T. FISHER,
KERRI BARONI, and
DEBBIE CAMPBELL,

    Defendants.

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the following: (1) the **CDOC Defendants' Motion To Dismiss** [#87][1] filed April 28, 2014; and (2) the corresponding **Recommendation of United States Magistrate Judge** [#95] filed February 20, 2015.  The plaintiff filed objections [#98] to the recommendation.  I overrule the objections, approve and adopt the recommendation, and grant the motion to dismiss.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects.  I have considered carefully the recommendation, the objections, the other filings in this case, and the applicable case

---

[1] "[#87]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

law. Because the plaintiff is proceeding *pro se*, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff, Jacques Richardson, is an inmate in the Colorado Department of Corrections (DOC). When he filed this case, he was incarcerated at the Buena Vista Correctional Facility (BVCF). Originally, Mr. Richardson asserted two Eighth Amendment Claims. Subsequently, he filed a first amended complaint and a second amended complaint. I granted the motion to dismiss addressing the second amended complaint. *Order* [#71] filed February 20, 2014. The defects in the complaints of Mr. Richardson were noted in that order [#71] and in the underlying recommendation [#68]. The recommendation [#68] detailed the requirements for filing a claim under the Americans with Disabilities Act in the context of a claim by a prison inmate.

Mr. Richardson then filed a third amended complaint [#79], which complaint now is the operative complaint. The motion to dismiss [#87] addresses the third amended complaint. The first claim of Mr. Richardson alleges a violation of Title II of the Americans with Disabilities Act (ADA). The third amended complaint [#79] makes explicit that each defendant is sued in their individual capacity. As noted by the magistrate judge, the ADA does no create liability against public officials sued n their individual capacities. Therefore, the motion to dismiss must be granted as to the ADA claim.

The other claims of Mr. Richardson are Eighth Amendment claims based on the conditions in which the DOC housed Mr. Richardson. Mr. Richardson alleges that he has "disability status with medical and ADA accommodations." *Complaint* [#79], p. 3. He contends the defendants violated his right against cruel and unusual punishment when he was housed at the Buena Vista Correctional Facility. As detailed by the magistrate judge, the allegations of Mr. Richardson do not state an Eighth Amendment claim on which relief may be granted. Primarily, the allegations do not satisfy the subjective prong of an Eighth Amendment claim. The allegations do not include facts showing that any of the defendants acted with the culpable state of mind known as deliberate indifference. Such allegations are required to state an Eighth Amendment claim. Further, the allegations in the complaint do no include facts showing that each defendant personally participated in the alleged violations of the Eighth Amendment. Finally, because Mr. Richardson has not stated a claim for violation of a constitutional right, the defendants are entitled to qualified immunity.

At this point, I must determine if the third amended complaint [#87] should be dismissed with prejudice or without prejudice. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." **Castleglen, Inc. v. Resolution Trust Corp.**, 984 F.2d 1571, 1585 (10th Cir.1993) (citing **Foman v. Davis**, 371 U.S. 178, 182 (1962)). The plaintiff has made no formal motion to amend his complaint. A district court need not grant leave to amend when a plaintiff fails to make formal motion, and an informal

request to amend in response to motion to dismiss is insufficient if it fails to give grounds for proposed amendment. ***Calderon v. Kan. Dep't of Soc. & Rehab. Servs.***, 181 F.3d 1180, 1186-87 (10th Cir.1999).

The third amended complaint [#87] is the fourth attempt of Mr. Richardson to produce allegations which state a claim for relief. In the previous recommendation [#68] and order [#71] of the court, he was given some background and guidance on the requirements to state claims under the ADA and the Eighth Amendment. Even so, his third amended complaint still does not contain allegations sufficient to state a claim. Nothing in the record indicates that a fifth attempt to amend the complaint would permit Mr. Richardson to plead his claims adequately when he has not been able to do so in the past. Thus, I find and conclude that another attempted amendment of the complaint would be futile. Permitting such an amendment would cause undue prejudice to the defendants and would impose undue delay on everyone involved in this case. Thus, I conclude ultimately that this case must be dismissed with prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate** Judge [#95] filed February 20, 2015, is approved and adopted as an order of this court;

2. That the objections [#98] of the plaintiff are overruled;

3. That under Fed. R. Civ. P. 12(b)(6), the **CDOC Defendants' Motion To Dismiss** [#87] filed April 28, 2014, is granted;

4. That the claims asserted in the third amended complaint [#79] are dismissed with prejudice;

5. That judgment shall enter in favor of the defendants against the plaintiff;

6. That the defendants are awarded their costs to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

7. That this case is closed.

Dated March 24, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge